**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARRON R. PERKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-895-JPG** |
| ) | |
| **T.J. COLLINS, JOE STEINHAUER and** ) | |
| **UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

---

[1] Plaintiff paid the full $250 filing fee when he filed this action.

is legally frivolous and thus subject to summary dismissal.

Plaintiff alleges that on October 25, 2005, he was assaulted by another inmate, Steven Waltemate.  The basis for this assault was that Waltemate wanted control of the television that evening.  Plaintiff explains that Waltemate had forfeited the right to the television when he chose to sleep all day, rather than assisting Plaintiff and another inmate, Bakari Harper, in cleaning the cell block and bathroom.  Plaintiff blames this altercation on the fact that Waltemate is a federal inmate who was temporary housed in the jail, while Plaintiff is a state pre-trial detainee; he argues that these two classifications should not be housed together.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).  Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials.  *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v.*

*Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989).

In this case, it is clear from the pleadings that this altercation was just such a "random act of violence" that occurred due to a difference of opinion as to who should control the television. None of the allegations in the complaint suggest that any named defendant had any knowledge that Plaintiff was at risk of assault from Waltemate.  In fact, Plaintiff does not allege that *he* had any suspicion that Waltemate posed any threat to him.  Although the Court empathizes with Plaintiff for this situation, he simply has not presented a viable constitutional claim that Defendants were deliberately indifferent to his health and safety.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: February 3, 2006**

                                      **s/ J. Phil Gilbert**
                                      **U. S. District Judge**